IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA LEE WILLIAMS, | |
| Plaintiff, | 4:18CV3170 |
| vs. | |
| DOUGLAS HAWCO, MICHELLE HAWCO, and CHRISTOPHER HAWCO, | MEMORANDUM AND ORDER |
| Defendants. | |

On August 1, 2019, Plaintiff Donna Lee Williams filed a 50-page letter with the court and included eight (8) cassette tapes with her filing. (Filing No. 14.) Plaintiff's letter reiterates many of the complaints about Defendants that she raised in her Complaint (filing no. 1) and provides additional background information regarding the situation between Plaintiff and Defendants. While the court understands that Plaintiff is extremely frustrated by the situation between herself and Defendants, the court lacks subject matter jurisdiction over Plaintiff's dispute with her neighbors. The court dismissed this case without prejudice for lack of subject matter jurisdiction on June 24, 2019. (Filing Nos. 10 & 13.) Thus, this matter is closed, and Plaintiff should refrain from filing further materials in this case.

With respect to the eight cassette tapes Plaintiff filed with the court, Plaintiff states in her letter: "Please don't send the tapes back to me by mail, I will pick them up in person at your front desk at the court." (Filing No. 14 at CM/ECF p. 3.) The court liberally construes Plaintiff's statement as a motion for return of evidence. This court's local rules provide, in relevant part:

> **(e) Permanent Withdrawal of Files and Documents.** Upon a showing of good cause, the court may order an item in a file to be permanently withdrawn. The clerk may require a party requesting withdrawal to provide a copy of the item for certification and a receipt for the original. The certified copy and receipt are filed in lieu of the original, and the party receiving the original must pay the clerk any costs.

NECivR 79.1.

As this matter is closed and the time for appeal has passed, the court will grant Plaintiff's motion for the return of the cassette tapes she filed with the court on August 1, 2019.

IT IS THEREFORE ORDERED that:

1. Plaintiff's correspondence, construed as a motion for return of evidence (filing no. 14), is granted and Plaintiff may permanently withdraw the cassette tapes filed with the court on August 1, 2019, under the terms set forth in this Memorandum and Order.

2. Plaintiff shall have **60 days**[1] from the date of this Memorandum and Order to claim the eight (8) cassette tapes from the clerk's office located in the Robert V. Denney Federal Building, 100 Centennial Mall North, Room 593, Lincoln, Nebraska. Plaintiff is further required to pay any costs associated with the return of the cassette tapes.

3. The clerk's office is directed to have Plaintiff sign a receipt for the cassette tapes at the time she comes to claim them and file the signed receipt in this case to record the permanent withdrawal of the cassette tapes from the court's files.

---

[1] If Plaintiff does not claim the cassette tapes within 60 days, the clerk's office will retain the cassette tapes as part of the court file beyond that time in accordance with standard storage and retention policies. However, the court encourages Plaintiff to come claim the cassette tapes promptly as the items have been located and are readily available.

Dated this 29th day of August, 2019.

                                      BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      Senior United States District Judge